UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCIS ANTHONY TREVINO, et al.,<br><br>Plaintiffs,<br>v.<br><br>KEVIN W. QUIGLEY, et al.,<br><br>Defendants. | CASE NO. C18-0487JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is *pro se* Plaintiffs Francis Anthony Trevino and Mark Newton Kelly's (collectively, "Plaintiffs") complaint against the Washington Department of Social and Health Services ("DSHS"); Kevin W. Quigley, Secretary of DSHS; Spokane County Superior Court Judge Gregory D. Sypolt; Spokane County Superior Court Judge James M. Murphy; Washington State Supreme Court Clerk Erin L. Lennon; Washington State Supreme Court Clerk Susan L. Carlson; and Dorothy Sawyer, CEO of Eastern State Hospital (collectively, "Defendants"). (*See* Compl. (Dkt. # 1) at 1-3.) Plaintiffs allege

claims for violation of the First Amendment, federal antitrust law, 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 2201, and 28 U.S.C. § 2202. (*Id.* at 3.) Plaintiffs also characterize their suit as a qui tam action. (*See id.*) The court has reviewed the complaint and finds that Plaintiffs have failed to provide an adequate basis for subject matter jurisdiction over Judge Sypolt, Judge Murphy, Ms. Lennon, and Ms. Carlson (collectively, "Judicial Defendants"). The court therefore orders Plaintiffs to file no later than May 2, 2018, a submission that addresses the court's subject matter jurisdiction over Judicial Defendants.

Plaintiffs assert that the court's subject matter jurisdiction is based on a federal question. (*Id.* at 3); *see also* 28 U.S.C. § 1331 (stating that a federal court's subject matter jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States"). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A federal court has a duty to analyze its subject matter jurisdiction *sua sponte*, *see Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and if it determines that it lacks subject matter jurisdiction at any time, the court must dismiss the action, *see* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987). Here, the allegations in the complaint suggest that Judicial Defendants are entitled to some form of judicial immunity, and therefore the court has no subject matter jurisdiction as to those defendants. (*See* Compl. at 6-30 (alleging facts suggesting that Judicial Defendants took actions within the scope of their judicial functions)); *Gordon v. Wooten*,

//

No. 1:12-cv-00012-AWI-SKO, 2012 WL 967852, at *3 (E.D. Cal. Mar. 21, 2012) (stating that judicial immunity deprives a court of subject matter jurisdiction).

Judges are absolutely immune from liability for acts performed in their official capacities and are liable only for acts taken in the clear absence of all jurisdiction or acts that are not judicial in nature. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). The immunity applies no matter how "erroneous the [judge's] act may have been, and however injurious in its consequences [the act] may have proved to the plaintiff." *Id.* at 1074 (internal quotation marks omitted) (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985). As to Judge Sypolt and Judge Murphy, Plaintiffs allege no facts suggesting that the judges acted without jurisdiction or outside of their judicial function. (*See* Compl. at 22, 24, 27.)

In addition, judicial clerks enjoy quasi-judicial immunity when acting in their official capacities. *See In re Castillo*, 297 F.3d 940, 951-52 (9th Cir. 2002) (stating that "court clerks and other non-judicial officers" enjoy quasi-judicial immunity when they perform tasks that are "an integral part of the judicial process" or "for purely administrative acts . . . [that] are actually a part of the judicial function"); *Sams v. Cty. of Riverside*, No. EDCV 17-1848 SVW (SS), 2018 WL 147433, at *7 (C.D. Cal. Mar. 26, 2018). Although judicial clerks may be liable for certain actions, Plaintiffs make no allegations specifically against Ms. Carlson and Ms. Lennon. (*See* Compl. at 6-30.)

Accordingly, the court ORDERS Plaintiffs to SHOW CAUSE no later than May 2, 2018, why Judicial Defendants should not be dismissed from this case for lack of subject

matter jurisdiction. If Plaintiffs fail to respond or provide a basis for exercising subject matter jurisdiction over Judicial Defendants, the court will dismiss those defendants.

Dated this 17th day of April, 2018.

JAMES L. ROBART
United States District Judge