# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| FRANCIS ANTHONY TREVINO, et al., | CASE NO. C18-0487JLR |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| KEVIN W. QUIGLEY, et al., | |
| Defendants. | |

On April 17, 2018, the court ordered Plaintiffs Francis Anthony Trevino and Mark Newton Kelly (collectively, "Plaintiffs") to show cause why their claims against Spokane County Superior Court Judge Gregory D. Sypolt; Spokane County Superior Court Judge James M. Murphy; Washington State Supreme Court Clerk Erin L. Lennon; and Washington State Supreme Court Clerk Susan L. Carlson (collectively, "Judicial Defendants") should not be dismissed. (*See* OSC (Dkt. # 3).) The court noted that "the allegations in the complaint suggest that Judicial Defendants are entitled to some form of

ORDER - 1

judicial immunity, and therefore the court has no subject matter jurisdiction as to those defendants." (*Id.* at 2.) The court informed Plaintiffs that judges are absolutely immune for acts taken in their judicial capacity and that judicial clerks enjoy quasi-judicial immunity when acting in their official capacities. (*Id.* at 3 (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *In re Castillo*, 297 F.3d 940, 951-52 (9th Cir. 2002)).) The court further stated that Plaintiffs did not allege Judicial Defendants were acting outside their official capacities for the acts of which Plaintiffs complain. (*Id.*)

In their response to the court's order to show cause, Plaintiffs have not established that the court has subject matter jurisdiction over Judicial Defendants. Indeed, their allegations regarding Ms. Lennon and Ms. Carlson relate only to those defendants' official capacities as judicial clerks. (OSC Resp. (Dkt. # 5) at 8 (stating that Ms. Lennon "responded with the answer—'I will place your motion in the "unfiled-papers drawer."'"); *id.* (alleging that Ms. Carlson stated Mr. Kelly "cites to no authority that non-adherence to a court order requiring completion of sanity commission proceedings under R.C.W. 10.77.060 within a specific time[]frame implicates the jurisdiction of the court or otherwise requires dismissal"). In addition, as to Judges Sypolt and Murphy, Plaintiffs state only that the judges "both acted upon the usurped authority"—a conclusory allegation insufficient to show the judges acted without jurisdiction or outside of their judicial function. (*Id.* at 10 (underlining omitted)); *see also Ashelman*, 793 F.2d at 1075. Thus, Plaintiffs fail to establish the court's subject matter jurisdiction over

//

//

Judicial Defendants, and the court DISMISSES Plaintiffs' claims against those defendants without prejudice.

Dated this 8th day of May, 2018.

JAMES L. ROBART
United States District Judge